THIS bill is brought by complainant on a joint deed made at Nassau, the 30th August, 17"99, by a certain ° ' J George Ross, as principal, and the defendant’s intestate a certain Hinton Dudley, as securities. The deed intended to secure a bill of exchange drawn by the sftid George Ross at Port dePaix, on the 17 th Decem-ai)er 1793, upon Edward Goittier of Baltimore, for the. sum of 800, and protested by him on the 26th of March Complainant and Ross both lived at Baltimore, and Ross after the protest first arrived there from the West-Indies, in the year 1800, during the time the ycl-fevor prevailed in Baltimore. In October of that * year, complainant sued him on the bill of exchange. On 16th March 1801, Ross applied to the Court of the proper tribunal in Maryland, for the benefit of «An act for the relief of sundry insolvent debtors.” I11 $ie same year of 1801, he left Baltimore, and on the 20th September 1810, at the date of the evidence taken under commission, he had not returned, After Ross left Baltimore, judgment on the suit of Lainhcart against him was confessed by Ross’s attorney on the 4th of February, 1802, and the judgment was entered the same day ; but no execution was issued, because as it was said he was insolvent, and was absent in the West-Indies, Goittier says ho believes Ross had no property to surrender to assignees, under *591 tlie act for the relief of insolvent debtors. As to Linton Dudley, the other surety to the deed, a witness, James M’llhenny, has deposed, that he lives in North-Carolina, near Wilmington: that he is insolvent, and he ° - believes, he could not pay even a debt of five dollars 5 so that both the principal and one of the securities to this deed being insolvent, the complainant has brought his bill against the representatives of the deceased surety, expecting to recover from him in equity. It has. been urged on the part of defendant, that ho is not liable, because the deed being joint, on the death of his intestate, the survivors only Were chargeable. It is so at law, but the complainant has a lien on the estate of the deceased covenantor, in equity. He has bound himself, his heirs, executors and administrators to be accountable for the bill of exchange; and the bill not being paid, and the other joint covenantors being insolvent, upon the authority of adjudged cases, both here and in England, he is liable in this Court, for the payment of the whole of the money. An objection is made that complainant did not use due diligence in recovering the-money on the bill of exchange. Ross was in the West-Indies at the time the bill was protested; he did not return to Baltimore, where he and complainant resided, till the year 1800, during the prevalence of the yellow-fever in that place, which was during the summer and fall, and we find that he was sued as early as October. There was therefore no great laches. But I apprehend that all that diligence which is necessary to make an indorser liable, was not necessary here. The intestate was no indorser; he did not assume on the foot of a bill of exchange, but by a separate, independent instrument, and that being under seal, he is sued in due time. But it is also objected that Dudley ought to have been sued. He is without the jurisdiction.of this Court, and has been proved to bo insolvent. It would therefore have been a nugatory act, to have made him a party j and even if defendant had wished to take advantage of such omission, if it can be so termed, he ought to have done it *592 by plea. To warrant the doctrine I have laid dovtii, “ see the case of the executor of Shubrick vs. Russell executor of Levingston, eq. March term 1793 Madox vs* ^ac^sonJ 3 Atk. 405.” It is therefore decreed that the defendant as administrator of Reilly, do pay the whole of this debt. Let the master report the amount of the same with interest, and upon the coining in of the report let the defendant pay the principal and interest out of the estate, and account with the master for the assets. Let the deed be assigned by complainant to defendant for the benefit of the estate $ and let the costs also be paid out of the same by the administrators.
Mr. Ford, for complainant.
Mr. Pringue, for defendant.
Wieriam D. Jambs.
An appeal having been made in the above case from the decree of the Circuit Court, the appeal was argued, and the Court delivered the following decree :
We have considered this case, and we are satisfied with the decree of the Judge who tried the cause in the Circuit Court. The decree is therefore affirmed for the reasons therein given.
Henry Wm. Desaussure",
Theoboke Gaireard,
Thomas Waties,
Wieriam James.